# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2026

Lyle W. Cayce
Clerk

No. 25-10987
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Eduardo Torres Esquivel,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-188-4

———————————————————

Before Smith, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Eduardo Torres Esquivel, federal prisoner # 33179-077, appeals the district court's denial of compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), and of reconsideration pursuant to Federal Rule of Civil Procedure 60(b). As Torres Esquivel has not challenged the district court's determination that he failed to file a timely appeal from the order denying his

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

compassionate release motion, any such argument is abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1983). However, the district court did not address whether Torres Esquivel filed a timely appeal from the denial of the motion for reconsideration. The time for filing a notice of appeal in a criminal case is not jurisdictional and may be waived. *United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007).

Torres Esquivel has shown no arguable abuse of discretion in the district court's denial of his Rule 60(b) motion. *See Behringer v. Johnson*, 75 F.3d 189, 190 (5th Cir. 1996). He has not shown that the district court was mistaken in determining that he had alleged extraordinary and compelling reasons warranting release based on nonretroactive changes in the law affecting his sentence and the lack of evidence supporting the factual findings at the sentencing proceedings. *See* Fed. R. Civ. P. 60(b)(1); *Rutherford v. United States*, 146 S. Ct. 1320, 1330-31, 1334-35 (2026); *Fernandez v. United States*, 146 S. Ct. 1292, 1302-07 (2026). And while Torres Esquivel contends otherwise, in its original denial of compassionate release, the district court found that the 18 U.S.C. § 3553(a) factors weighed against granting relief. Any disagreement with the district court's balancing of those factors does not show that the district court committed a mistake or that an extraordinary circumstance warrants relief. *See* Fed. R. Civ. P. 60(b)(1), (6); *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002); *see also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

AFFIRMED.